UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No.   08 CR 281 |
| | ) | |
| v. | ) | |
| | ) | Hon. James F. Holderman |
| VERBERY WALKER, | ) | *Chief Judge* |
| also known as "Verb" | ) | |

**GOVERNMENT'S THIRD UNOPPOSED MOTION FOR AN EXTENSION OF TIME TO RETURN INDICTMENT PURSUANT TO 18 U.S.C. § 3161(h)**

The UNITED STATES OF AMERICA, by its attorney, PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, respectfully moves this Court under 18 U.S.C. § 3161(h)(8)(A) and (B) for an extension of time in which to return an indictment or file an information in this case from August 3, 2008, until and including September 17, 2008. In support of this motion, the government respectfully states as follows:

1. This is a grand jury investigation into narcotics trafficking involving defendant VERBERY WALKER, a/k/a "Verb", and others. The investigation resulted in the filing of a criminal complaint against defendant WALKER and FRED MAHAFFY on April 7, 2008. Specifically, defendant WALKER and MAHAFFY were charged in the criminal complaint with:

Between on or about April 2, 2008 and April 5, 2008, in Cook County, and elsewhere, in the Northern District of Illinois, defendants did, conspire with each other and others to knowingly and intentionally possess with the intent to distribute and to distribute a controlled substance, namely, in excess of five kilograms or more of a mixture containing cocaine, a Schedule II Narcotic Drug Controlled Substance, in violation of Title 21, United States Code, Section 846.

2. The defendants were arrested on April 5, 2008. The defendants had their initial appearance before Magistrate Judge Susan E. Cox on April 7, 2008.

3. On April 30, 2008, the government filed a First Unopposed Motion for an Extension of Time To Return an Indictment. Both defendant WALKER and MAHAFFY did not object to the requested extension.

4. On May 1, 2008, Chief Judge James F. Holderman granted the government's motion and ordered that the time within which to file an indictment against defendant WALKER and MAHAFFY was extended from May 5, 2008, to and including June 4, 2008.

5. On May 8, 2008, the government filed a Motion to Dismiss the Criminal Complaint, without prejudice, as to MAHAFFY, pursuant to Federal Rule of Criminal Procedure 48(a).

6. On June 2, 2008, the government filed a Second Unopposed Motion for an Extension of Time To Return an Indictment. Defendant WALKER did not object to the requested extension.

7. On June 3, 2008, Acting Chief Judge Blanche M. Manning granted the government's motion and ordered that the time within which to file an indictment against defendant WALKER was extended from June 4, 2008, to and including August 3, 2008.

8. Defendant WALKER is not presently in custody. Specifically, on April 10, 2008, by agreement of the parties, defendant WALKER was released on a $90,000 secured bond.

9. Reasons exist that have led to the government's request for an extension. Those factors are stated in the Attachment hereto, which the government respectfully requests be placed under seal. The government is requesting that the Attachment be sealed so as not to compromise its ongoing investigation and so as not to reveal matters occurring before the Grand Jury.

10. Given the reasons stated in the government's sealed Attachment, the thirty days available to the government pursuant to Title 18, United States Code, Section 3161(b) in which to file an indictment or information against a defendant based on his arrest will not be sufficient. The

United States estimates that a 45-day extension from the current expiration date of August 3, 2008, to and including September 17, 2008, will be sufficient time within which to return an indictment or information in this matter.

11.     Among the factors identified by Congress as relevant to the determination whether time should be extended for indictment are those set forth in 18 U.S.C. § 3161(h)(8)(B), which provides in relevant part:

> Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because . . . the facts upon which the grand jury must base its determination are unusual or complex; [and]
>
> Whether the failure to grant such continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), . . . would deny counsel for . . . the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. §§ 3161(h)(8)(B)(ii), (iv).

12.     The government respectfully submits that the 45-day continuance is warranted in this case pursuant to the forgoing provisions. The government has been conducting a diligent and thorough investigation in this case, but the investigation includes additional factors warranting an extension of time (as cited in the government's Attachment). The government cannot complete its investigation and appropriately conclude the investigation within the time allowed under Section 3161(b) of the Speedy Trial Act as currently extended.

13.     The undersigned has spoken with Robert Louis Rascia, counsel for defendant WALKER, and he has stated that he has no objection to the requested extension.

WHEREFORE, the government requests this Court to exclude time for a period of 45 days from the period prescribed in 18 U.S.C. § 3161, for the return of the indictment, up to and including September 17, 2008.

                          Respectfully submitted,

                          PATRICK J. FITZGERALD
                          United States Attorney

Dated:  July 30, 2008

                    By:   /s/   Tinos Diamantatos   6281728
                          TINOS DIAMANTATOS
                          Assistant United States Attorney
                          219 South Dearborn Street
                          5th Floor
                          Chicago, Illinois 60604
                          (312) 353-4317

**CERTIFICATE OF SERVICE**

Tinos Diamantatos, an Assistant United States Attorney assigned to the instant matter, hereby certifies that the attached **GOVERNMENT'S THIRD UNOPPOSED MOTION FOR AN EXTENSION OF TIME TO RETURN INDICTMENT PURSUANT TO 18 U.S.C. § 3161(h)** was served on July 30, 2008, in accordance with Fed. R. Crim. P. 49, Fed. R. Civ. P. 5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers, and served by first class mail, postage prepaid, on the following party:

> Robert Louis Rascia, Esq.
> *Counsel for Verbery Walker*
> Law Offices of Rascia and DeCastro, Ltd.
> 61 West Superior Street
> 3rd Floor
> Chicago, Illinois 60610

>> Respectfully submitted,
>>
>> PATRICK J. FITZGERALD
>> United States Attorney
>
> By:  /s/   Tinos Diamantatos    6281728
>> TINOS DIAMANTATOS
>> Assistant United States Attorney
>> 219 South Dearborn Street
>> 5th Floor
>> Chicago, Illinois 60604
>> (312) 353-4317